JOSETTE D. JOHNSON, SBN 195977
**Fidelity National Law Group**
**The Law Division of Fidelity National Financial**
2999 Oak Road, Suite 550
Walnut Creek, CA 94597-2066
Tel.:   (925) 280-3368
Fax:   (925) 930-9588
Email: josette.johnson@fnf.com

Attorney for Defendants
DANE COUNTY TITLE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE DRONE,<br><br>         Plaintiffs,<br><br>    vs.<br><br>PETER D. BEAR; ET AL.<br><br>         Defendants. | Case No.: 5:25-CV-09583-BLF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DANE COUNTY TITLE COMPANY LLC'S MOTION TO DISMISS**<br><br>**Date:** April 23, 2026<br>**Time:** 9:00 a.m.<br>**Dept:** Courtroom 1, 5th floor, San Jose<br><br>Complaint Filed:    November 7, 2025 |

**TO PLAINTIFF AND TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD**:

NOTICE IS HEREBY GIVEN that at 9:00 a.m., on April 23, 2026 or as soon thereafter as the matters may be heard, in Courtroom 1, 5th floor, of the above-captioned court located at the **Robert F. Peckham Federal Building, 280 South First Street, San Jose, CA 95113,** before the Hon. Judge Labson Freeman presiding, defendant Dane County Title Company, LLC, will and hereby does move the court for an order dismissing Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(3) for improper venue, and Fed. R. Civ. P. 12(b)(6) for failure to state any claims against Defendant upon which relief may be granted.

///

Defendant's motion is, and will be based on this notice, the memorandum of points and authorities and request to take judicial notice filed and served herewith, Declaration of Tammy Janson, Plaintiff's complaint, the court's files, papers and records in this action, and on such other and further evidence and argument as may be presented in support of Defendant's motions.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Dane County Title Company, LLC, is a Wisconsin company with its principal place of business in Wisconsin. Plaintiff utilized the services of Dane County Title to purchase real property located in Wisconsin, and Plaintiff came to Wisconsin for the closing of the transaction. Dane County Title does not have offices in California. It does not perform escrow or title services for properties located in California. It does not advertise in California. Simply put, Dane County Title does not have the minimum contacts with the State of California necessary to establish personal jurisdiction in California.

Even if personal jurisdiction in California does exist, the Northern District of California is not the proper venue for this matter which stems out of the purchase of real property located in Wisconsin. All of the defendants are located in Wisconsin, and the majority of the activity at issue occurred in Wisconsin.

Finally, the complaint alleges that Dane County Title failed to keep Plaintiff's Uniform Residential Loan Application in a separate file apart from that of his co-borrower. These facts are insufficient to state *any* cause of action against Dane County Title, let alone claims for violation of Plaintiff's civil rights under 42 U.S.C. § 1983 and violation of RICO.

### II. FACTS

In November 2021, Plaintiff and Ian Goodman together purchased real property located in Madison, Wisconsin, pursuant to the terms of a Co-Ownership Agreement. As part of that transaction, Plaintiff applied for a loan from University of Wisconsin Credit Union. Dane County Title was the settlement agent for the transaction.

Eventually there was a dispute between Plaintiff and Goodman that led to multiple lawsuits being filed in Wisconsin. The vast majority of Plaintiff's complaint details the dispute, communications, and

///

lawsuits between Plaintiff, Goodman, and various attorneys. Dane County Title was not involved in the dispute with Goodman or subsequent litigation.

Indeed, of the 290 paragraphs in Plaintiff's complaint, only a handful mention Dane County Title:

> 3. Beginning with the November 1, 2021, closing, Dane County Title Company, acting as settlement agent, mishandled Plaintiffs Uniform Residential Loan Application by including it in the general closing packet rather than maintaining it solely within the lender's underwriting file. This custodial breach later enabled unauthorized disclosure of Plaintiffs personal financial data.
>
> 30. Defendant Dane County Title Company is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. It served as the settlement and closing agent for the November 1, 2021, real estate transaction involving Plaintiff and Ian Goodman, and was responsible for handling the associated closing documents.
>
> 33. On November 1, 2021, Plaintiff completed a real estate closing for the pope1ty at 1430 Ellen Avenue, Madison, Wisconsin. At that closing, he executed the promissory note, deed, and related documents, together with a notarized Co-Ownership Agreement with Ian Goodman. The Co-Ownership Agreement bears both signatures and the notary acknowledgment, confirming its execution on that date.
>
> 34. The closing was conducted by Dane County Title Company, acting as settlement agent for the lender, University of Wisconsin Credit Union. At the same closing, Dane County Title Company's notary oversaw simultaneous execution of the loan documents and the Co-Ownership Agreement, confirming their validity as a single transaction package.
>
> 35. As part of the closing packet, Dane County Title Company included Plaintiff's Uniform Residential Loan Application, which contained personal and financial information. Plaintiff and Ian Goodman had each completed separate applications for the same loan, reflecting their individual income, credit, and occupancy information. Plaintiffs application properly belonged in the lender's underwriting file and not among the shared closing records. By including that application in the closing packet, Dane County Title Company caused Plaintiffs information to circulate beyond its intended scope.
>
> 36. In January 2024, the same loan-application file resurfaced in unrelated materials, showing that the disclosure originated from the November 2021 closing. The failure to separate underwriting materials from general closing records resulted in Plaintiffs financial data appearing outside the lender's file, establishing that the breach of custody began with Dane County Title Company's handling of the original packet.

These facts are repeated in paragraphs 154, 155, 258 and 272, but no additional facts are contained in the later paragraphs.

### III. LEGAL DISCUSSION

#### A. Motion to Dismiss Based Upon Lack of Personal Jurisdiction

Although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F3d 716, 741 (9th Cir. 2013). Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). California's long-arm statute, Code of Civil Procedure Code § 410.10 is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same. *Ibid*.

To establish general personal jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re Western States, supra,* 715 F.3d at 741. "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). Only in an "exceptional case" will general jurisdiction be available anywhere else. *Martinez supra*, 764 F.3d at 1070. Here, Plaintiff cannot establish that Dane County Title is subject to general personal jurisdiction in California because it is neither incorporated in California, nor does it have its principal place of business in California.

To establish specific personal jurisdiction, courts employ a three-prong test:
(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004)  Critically, to find the requisite minimum contacts, the out-of-state defendant must, by its own actions, have purposefully

availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Ibid*, citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). [I]t is essential in each case that there be some *act* by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson, supra*, 357 U.S. at 253, emphasis added.

Here, Plaintiff cannot make the necessary showing that Dane County Title purposefully availed itself of the privilege of conducting business in California. On the contrary, Plaintiff personally came to Wisconsin to purchase real property located in Wisconsin, where Dane County Title is located. Dane County Title does not have offices in California. It does not perform escrow or title services for properties located in California. It does not advertise in California. Plaintiff's claims do not arise out of any activity by Dane County Title conducted in California.

**B. Motion to Dismiss Based Upon Improper Venue.**

The plaintiff bears the burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir.2009).

Venue in federal courts is proper in:

> 1.) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
> 2.) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> 3.) If there is no district anywhere in the United States which satisfies 1.) or 2.), a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391.

In this case, all, or a majority, of defendants reside in Wisconsin, and the majority of events giving rise to the claim took place in Wisconsin. According to the allegations in Plaintiff's own complaint, defendants Peter Bear and Allen S. Porter are both attorneys licensed to practice law in the State of Wisconsin, and presumably live in Wisconsin. (Comp. at ¶ 28 & 32.) Defendant Judge Ryan D.

Nilsestuen is a judge for the Dane County Circuit Court in Wisconsin, and presumably lives in Wisconsin. (Comp. at ¶ 31.) Defendant Ian E. Goodman lives in Madison, Wisconsin. (Comp. at ¶ 29.) Defendant Dane County Title is a limited liability company with its principal place of business in Madison, Wisconsin. (Comp. at ¶ 30.) Not a single defendant is a resident of California. Additionally, the claims arise out of a real estate transaction that took place in Wisconsin, involving property located in Wisconsin, and multiple court actions filed in Wisconsin (case nos. 2023CV002927, 2023CV002928, and 2025CV001149). (Comp. at ¶ 31, 33, 46, 93, 96, 98, 104.)

**C. Motion to Dismiss Based Upon Failure to Allege Facts Sufficient To State a Claim.**

A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-534 (9th Cir.1984). Although the court ordinarily accepts as true the factual allegations in a complaint, the court need not accept as true conclusory allegations or legal characterizations, unreasonable inferences or unwarranted deductions of fact, or allegations that contradict facts which may be judicially noticed by the court (*e.g.* matters of public record, including pleadings, orders and other papers on file in another action pending in the court, and records and reports of administrative bodies). *Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001)*. To survive a § 12(b)(6) motion to dismiss, the factual allegations in the complaint must show more than speculative or "possible" right to relief; they must show a plausible right to relief. *Bell Atlantic, supra,* 550 US at 555.

      i.    <u>Plaintiff does not allege facts sufficient to state a claim for violation of his civil rights pursuant to 42 U.S.C. § 1983.</u>

Counts one and two of Plaintiff's complaint allege that Dane County Title violated Plaintiff's civil rights under 42 U.S.C. § 1983. (Comp. ¶ 154, 155.) A plaintiff alleging a claim under 42 U.S.C. §1983 must allege (1) that he has been deprived of a right or privilege protected by the Constitution or laws of the United States, and (2) that the defendants deprived her of this right acting "under color of law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint must contain more than conclusory allegations to consider a private party a state actor for purposes of 42 U.S.C. §1983. *Price v. Hawaii*, 939 F. 2d 702, 708 (9th Cir.1991). Plaintiff's complaint does not allege any facts showing that Dane

County Title, as a private company acting as the settlement agent in a private real estate transaction, acted "under color of law" in any respect with reference to any of the conduct alleged.

Plaintiff's Complaint fails to allege facts to state a claim against Dane County Title upon which relief may be granted to Plaintiff, nor can Plaintiff amend his complaint to add additional facts necessary to state a valid claim against Dane County Title (as a private party) under 42 U.S.C. § 1983. The court should grant Defendant's motion to dismiss under Rule 12(b)(6) and enter an order dismissing the claim with prejudice.

ii. <u>Plaintiff does not allege facts sufficient to state a claim for a RICO violation.</u>

Counts 105 and 119 of Plaintiff's Complaint, contained within the "Racketerring/RICO Expansion" section of the Complaint, alleges that Dane County Title violated the RICO Act, 18 U.S.C. 1962. (Comp. ¶ 258 and 272.) RICO defines racketeering as any act which is indictable under a number of provision of title 18, including "section 1028 (relating to fraud and related activity in connection with identification documents." (18 U.S.C. 1961(1).) Plaintiff specifically alleges that Dane County Title violated subsection (a)(7) of 18 U.S.C. § 1028. (Comp. ¶ 258 and 272.)

Plaintiff has failed to allege facts sufficient to establish a violation of 18 U.S.C. § 1028(a)(7), which prohibits the knowing transfer, possession, or use, "without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law." Plaintiff has failed to allege any facts to show that Dane County Title, when it allegedly mishandled Plaintiff's loan application in November 2021, did so with the intention that several years later – when it resurfaced in January 2024 - it would aid defendants Goodman and Bear in alleged unlawful activity. (Comp. ¶ 36.) Indeed, Plaintiff specifically alleges that the "mishandling" of his loan application enabled a "leak" of his information. In this context, a "leak" implies something that was not knowing and intentional on the part of Dane County Title. Nor has Plaintiff alleged *how* the information was used in connection with any unlawful activity.

///
///
///

IV. CONCLUSION

Dane County Title Company is not subject to personal jurisdiction in California. This matter should not be adjudicated in California at all. It belongs, if anywhere, in Wisconsin. But even if Plaintiff can establish both that Dane County Title is subject to personal jurisdiction in California, and that venue is proper in California, Plaintiff has failed to allege facts sufficient to state any cause of action against Dane County Title. The complaint as against Dane County Title Company should be dismissed with prejudice.

Dated:  December 15, 2025

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National Financial

By: _____
Josette Johnson, Esq.
Attorney for Defendants
DANE COUNTY TITLE COMPANY

**CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT**

Unless all parties to the case, including you, are electronic filers, you must serve each document you file by sending or delivering it to the opposing side. Complete this form and include it with the document that you file and serve.

1. **Case Name:** Drone v. Bear, et al.

2. **Case Number:** 5:25-CV-09583-BLF

3. **What documents were served?** Write the full name or title of the document(s)
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DANE COUNTY TITLE COMPANY LLC'S MOTION TO DISMISS

4. **How was the document served?** Check one:
   - ☐ Placed in U.S. Mail
   - ☐ Hand-delivered
   - ☐ Sent for delivery (e.g., FedEx, UPS)
   - ☒ Sent via email [if the other party has agreed to accept service by email]

5. **Who did you send the document to?** [Write the full name and contact information for each person you sent the document.]

   | | |
   |---|---|
   | Plaintiff, Lee Done | lee.drone@gmail.com |
   | Counsel for Defs., Peter D. Bear, Ian E. Goodman, and Allen S. Porter, A. Steven Porter, Esq. | asp5949@gmail.com |

6. **When were the documents sent?** December 15, 2025

7. **Who served the documents?** [Whoever puts it into the mail, emails, delivers, or sends for delivery should sign, and print their name and address. You can do this yourself.]

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: *[signature]*

Name: Shoshana E. Diggs

Address: 2999 Oak Road, Suite 550, Walnut Creek, CA 94597