ELLEN V. LEONIDA (State Bar No. 184194)
E-Mail:    *eleonida@sideman.com*
ANDRE FONTANA (State Bar No. 324801)
E-Mail:    *afontana@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Defendant Hon. Ryan D. Nilsestuen

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

LEE DRONE,

        Plaintiff,

    v.

PETER D. BEAR ET AL.,

        Defendants.

Case No. 5:25-cv-09583-EKL

**NOTICE OF MOTION AND MOTION OF DEFENDANT HON. RYAN D. NILSESTUEN TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**

Judge:    Hon. Eumi K. Lee
Date:     April 29, 2026
Time:     10:30 a.m.
Crtrm.:   7

Honorable Eumi K. Lee

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 29, 2026, at 10:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Eumi K. Lee, located in the United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, Defendant Hon. Ryan D. Nilsestuen will and hereby does move this Court to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). This Motion is made upon the following grounds:

This Court lacks subject-matter jurisdiction to adjudicate claims concerning Judge Nilsestuen's judicial acts, regardless of whether Plaintiff was subject to the personal jurisdiction of Judge Nilsestuen's court orders. Furthermore, this Court lacks personal jurisdiction over Judge Nilsestuen concerning these claims, regardless of whether Plaintiff allegedly resided in California during the relevant period. Dismissal without leave to amend is therefore warranted here.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  March 25, 2026

SIDEMAN & BANCROFT LLP

By: _____
Andre Fontana
Attorneys for Defendant Hon. Ryan D. Nilsestuen

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## I.    INTRODUCTION

Plaintiff Lee Drone, upon being enjoined from harassing Wisconsin residents about the sale of a Wisconsin property, files this "Complaint for Civil Rights and RICO Violations" against those same residents, their attorneys, their real estate agent, and the Wisconsin judge who entered the injunction. With respect to the judge, the Complaint cannot proceed.

This Court lacks jurisdiction—subject-matter and personal—to adjudicate the claims against Judge Ryan D. Nilsestuen. It lacks subject-matter jurisdiction because Judge Nilsestuen is immune from suits concerning his judicial acts, regardless of the Complaint's (incorrect) assertions that his orders were without personal jurisdiction over Plaintiff.

This Court further lacks personal jurisdiction over Judge Nilsestuen. Plaintiff's conclusory allegations that he resided in California during the relevant proceedings is insufficient to hale Judge Nilsestuen—a circuit judge for the County of Dane in Wisconsin with no relevant contacts with California—to the Northern District of California.

No amendment can correct these jurisdictional defects. The Court must therefore dismiss the claims against Judge Nilsestuen without leave to amend.

## II.    RELEVANT BACKGROUND

### A.    Factual Allegations

Plaintiff Lee Drone once held interest in certain property in Madison, Wisconsin (the "Wisconsin Property"). (Compl. ¶¶ 1, 33.) In or around November 2023, the Wisconsin Property became subject to a dispute between Ian and Paula Goodman and Plaintiff. (Compl. ¶¶ 5, 41–45.) That dispute led the Goodmans to seek a restraining order and injunctive relief arising from Plaintiff's harassment: Mr. Goodman filed for relief in the Circuit Court for the State of Wisconsin, Case No. 2023CV002927, and Ms. Goodman filed for relief in Case No. 2023CV002928 (respectively, "Wisconsin Case No. '927" and "Wisconsin Case No. '928," and collectively, the "Wisconsin Harassment Suits"). (Compl. ¶¶ 46, 104.) The Circuit Court granted temporary restraining orders and later injunctions against Plaintiff in the Wisconsin Harassment Suits. (Compl. ¶ 124.) The Complaint alleges that Plaintiff was not properly served regarding the Wisconsin Harassment Suits until May 2024. (*See* Compl. ¶ 119, 141.)

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

In October 2024, Plaintiff filed a motion to vacate Wisconsin Case No. '928 for lack of personal jurisdiction. On February 17, 2025, the Circuit Court (Nilsestuen, J.) entered an order reopening Wisconsin Case No. '928 and dismissing it, without prejudice, for lack of personal jurisdiction. (Compl. ¶¶ 125, 141, 144–146.)

After the Circuit Court issued its order, Plaintiff attacked Wisconsin Case No. '927. With respect to Wisconsin Case No. '927, Plaintiff filed several motions, affidavits, and requests for various relief in the Circuit Court. Among other grounds for relief from the Circuit Court, Plaintiff requested that the Circuit Court (1) reopen and dismiss or vacate Wisconsin Case No. '927; (2) vacate injunction and expunge records; (3) impose perjury sanctions; (4) supplement the record; and (5) clarify and reconsider personal jurisdiction. (Compl. ¶ 147.)

On May 12, May 2025, Judge Nilsestuen entered an order granting Plaintiff's motion to reopen Wisconsin Case No. '927. In Judge Nilsestuen's order, the Circuit Court found that Plaintiff waived his challenge to personal jurisdiction in Wisconsin Case No. '927, given requests for relief that Plaintiff had affirmatively sought. (Compl. ¶ 105.) Judge Nilsestuen further ordered an evidentiary hearing regarding the injunction originally requested, and gave Plaintiff notice of the hearing. (Compl. ¶¶ 106–111.) After the hearing, on May 27, 2025, the Circuit Court entered an injunction against Plaintiff in both of the Wisconsin Harassment Suits. (Compl. ¶ 127.) Plaintiff unsuccessfully sought reconsideration, writ relief, and appellate review of Judge Nilsestuen's order thereafter. (Compl. ¶¶ 135, 129–131.)

## B.    Procedural History

On November 6, 2025, Plaintiff filed a complaint in this Court, naming Judge Nilsestuen as a defendant in both his individual as well as official capacities (the "Complaint"). (ECF No. 1.)[1] Plaintiff thereafter requested entry of default judgment as to Judge Nilsestuen (ECF No. 25), before later withdrawing that request (ECF No. 28). On February 13, 2026, the Court granted

---

[1] On the same day this case was filed, Plaintiff also filed a "Complaint for Declaratory, Injunctive, and Monetary Relief" in *Drone v. Nilsestuen, et al.*, Case No. 5:25-cv-09580-EKL (N.D. Cal.). The Court related that case to the case here. (ECF No. 16.) The case here names Mr. Goodman but not Ms. Goodman, and it focuses on Mr. Goodman's injunction against Plaintiff, Wisconsin Case No. '927.

Plaintiff with an extension to serve process on Judge Nilsestuen. (ECF No. 30.) Service of process was effected on March 4, 2026. (ECF No. 31.) Judge Nilsestuen now moves to dismiss the Complaint without leave to amend.

### III.   LEGAL STANDARD

The party seeking to invoke the jurisdiction of a federal court has the burden to establish that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

A defendant may challenge the district court's subject-matter jurisdiction over any claim brought against him. Fed. R. Civ. P. 12(b)(1). Once the court's subject-matter jurisdiction has been challenged, "[t]he court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise." *Yi Tai Shao v. Tsan-Kuen Wang*, CIV. NO. 3:14-01912 WBS, 2014 WL 12796402, at *1 (N.D. Cal. Nov. 25, 2014). If the party fails to do so, the claim must be dismissed. *See also* Fed. R. Civ. P. 12(h)(3).

Moreover, a defendant may challenge the district court's personal jurisdiction over him. Fed. R. Civ. P. 12(b)(2). Once the court's personal jurisdiction has been challenged, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts . . . of personal jurisdiction." *Id.* (cleaned up). However, "only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true" in determining whether personal jurisdiction is established. *China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Strokes*, No. C 05-01793 JW, 2005 WL 1513153, at *3 (N.D. Cal. Jun. 27, 2005) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

### IV.   ARGUMENT

**A.   The Court Lacks Subject-Matter Jurisdiction over Claims Against Judge Nilsestuen.**

Under Federal Rule of Civil Procedure 12(b)(1), judicial immunity is grounds for dismissal. *See Yi Tai Shao*, 2014 WL 12796402, at *1 (without leave to amend); *Giannini v. Dist.*

*Ct. for Dist. N. Calif.*, No. 3:12–cv–04289–DWM, 2013 WL 503081, at *5 (N.D. Cal. Feb. 8, 2013) (with prejudice). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts."); *Mullis v. U.S. Bankr. Ct. for Dist. Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (judicial immunity "extends to actions for declaratory, injunctive and other equitable relief"). Judicial immunity reaches claims against state judges, regardless of whether the judge is sued in her official or individual capacity. *See Swift v. Calif.*, 284 F.3d 1184, 1188 (9th Cir. 2004); *Blight v. Calif.*, No. C-15-3031 EMC, 2015 WL 5569059, at *1 (N.D. Cal. Sept. 22, 2015). Its purpose is to "protect[] 'judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.'" *Giannini*, 2013 WL 503081, at *5 (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). It also "discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error.'" *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester*, 484 U.S. at 227).

A judge loses absolute immunity "only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker*, 846 F.2d at 1204. The Ninth Circuit applies four factors to determine whether an act is judicial in nature: (1) whether the precise act is a normal judicial function; (2) whether the events occurred in the judge's chambers; (3) whether the controversy centered around a case then pending before the judge; and (4) whether the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) ("These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity.").

Here, Judge Nilsestuen is immune from Plaintiff's claims because the acts attributed to Judge Nilsestuen are judicial in nature. The Complaint acknowledges that Judge Nilsestuen is a judicial officer in the State of Wisconsin who presided over the Wisconsin Harassment Suits. (Compl. ¶ 31.) The Complaint further acknowledges that Plaintiff and the Goodmans appeared

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

before Judge Nilsestuen as parties in the Wisconsin Harassment Suits, and that Plaintiff submitted evidence, made arguments, and sought relief in those proceedings. (*See, e.g.*, Compl. ¶¶ 119–128, 132–134, 144–147 (conduct by Plaintiff).)  And while  presiding over the Wisconsin Harassment Suits, Judge Nilsestuen set and held hearings, received evidence, heard arguments, made findings, and entered orders with respect to Plaintiff's (and the Goodmans') legal rights and obligations in the Wisconsin Harassment Suits. (*See generally* Compl.; *e.g.*, Compl. ¶¶ 142–143.) Indeed, every mention of Judge Nilsestuen in the Complaint simply reflect duties "normally performed by a judge . . . in his judicial capacity." *See Yi Tai Shao*, 2014 WL 12796402, at *1 (cleaned up) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

The Complaint attempts to overcome this conclusion by alleging that Judge Nilsestuen made these judicial acts "in the clear absence of jurisdiction." (Compl. ¶ 150.) It alleges that the Wisconsin Harassment Suits "proceeded without lawful service and [were] therefore void ab initio"—that is, void "for lack of personal jurisdiction." (Compl. ¶ 151, Ex. R at 1.)

This theory does not overcome judicial immunity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57 (quoting *Bradley v. Fiser*, 13 Wall. 335, 351 (1872))."To determine if the judge acted with jurisdiction, courts focus on whether the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to personal jurisdiction." *Ashelman*, 793 F.2d at 1076. Thus, even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker*, 846 F.2d at 1204.

Here, the Complaint makes no allegation that Judge Nilsestuen acted without subject-matter jurisdiction. Nor can it. Indeed, the Complaint acknowledges that Judge Nilsestuen "act[ed] under color of state law" in "continu[ing] injunction orders without [personal] jurisdiction, den[ying] vacatur of void injunctions, and advanc[ing] hearings despite non-service." (Compl. ¶ 16.) The Complaint adds to this and lists ten other "[s]pecific acts demonstrating the absence of jurisdiction," including "[a]pplication of waiver doctrine absent service," "[p]roceeding to merits before resolving jurisdiction," and "[i]nconsistent treatment of companion cases." (Compl. ¶ 152.)

JUDGE NILSESTUEN'S MOTION TO DISMISS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

"While these allegations recount a long list of perceived procedural and substantive legal errors, they speak only of the type of actions normally performed by a judge." *Yi Tai Shao*, 2014 WL 12796402, at *2.

In sum, even assuming (without conceding) that Judge Nilsestuen entered orders against Plaintiff without personal jurisdiction, Judge Nilsestuen is still immune from suit. *Ashelman*, 793 F.2d at 1076 ("Where not clearly lacking subject matter jurisdiction, a judge is entitled to immunity even if there was no personal jurisdiction over the complaining party."). Since this allegation forms the gravamen of each claim against Judge Nilsestuen, judicial immunity bars adjudication of Plaintiff's claims. Accordingly, all claims against Judge Nilsestuen must be dismissed under Rule 12(b)(1) without leave to amend.

**B.     The Court Lacks Personal Jurisdiction over Judge Nilsestuen.**

Even if the Court had subject-matter jurisdiction to entertain claims against Judge Nilsestuen, it lacks personal jurisdiction to render judgment on him. *See Burnham v. Super. Ct. of Calif., Cnty. of Marin*, 495 U.S. 604, 608–09 (1990). A court's limited personal jurisdiction is rooted in federal due process rights. *Id.*; *cf. Concord Serv. Corp. v. JPMorgan Chase Bank, N.A.*, No. CV 12–0438–PHX–JAT, 2012 WL 2913282, at *1 n.1 (D. Ariz. Jul. 16, 2012) ("A defendant may also choose to waive his due process rights and consent to personal jurisdiction.") (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). Thus, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the Court must apply California's long-arm statute, which is coextensive with federal due process requirements. *Id.* at 800–01. To determine whether exercise of personal jurisdiction under California's long-arm statute is based on a non-resident's "minimum contacts," courts in the Ninth Circuit consider three requirements: (1) the non-resident defendant must act to purposefully avail himself of the privilege of doing business in the forum state, invoking the protections of the forum

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

state's laws; (2) the claim must arise or result from the forum-related conduct; and (3) the exercise of jurisdiction must be reasonable. *Fischer v. United States*, No. EDCV02–691–OMP(SGL), 2003 WL 21262103, at *3 (C.D. Cal. May 30, 2003).

Here, at best, the Complaint contains conclusory allegations regarding Judge Nilsestuen's contacts with California.[2] The Complaint simply alleges that "Defendants" are subject to specific personal jurisdiction based on various "purposefully directed acts toward Plaintiff in California," none of which appear to apply to Judge Nilsestuen's judicial acts in the Wisconsin Harassment Suits. (Compl. ¶ 21.) This is insufficient to establish personal jurisdiction over Judge Nilsestuen. Because "[e]ach defendant's contacts with the forum State must be assessed individually," *Calder v. Jones*, 465 U.S. 783, 790 (1984), the Complaint's grouping "Defendants" together is conclusory and does not permit the Court to conduct the "individualized inquiries" necessary for determining personal jurisdiction, *In re Boon Global Ltd.*, 923 F.3d 643, 652 (9th Cir. 2019).

Disaggregating Judge Nilsestuen from "Defendants" does not help Plaintiff's cause. At most, with respect to Judge Nilsestuen, the Complaint alleges that "Defendants knew Plaintiff resided and worked in California, repeatedly identified his California employer in filings, and intended the harmful effects to be felt here." (Compl. ¶ 23.) But it is not enough to allege that Plaintiff resided in the forum state and may have felt effects there; it has to be shown that Judge Nilsestuen intentionally directed tortious activity to the forum state. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (defendant's "random, fortuitous, or attenuated contacts" or plaintiff's "unilateral activity" is insufficient to establish personal jurisdiction). In any event, "[t]o allow such a generic statement to suffice in establishing personal jurisdiction would fly in the face of the due process consideration that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Wells v. Kearny*, No. CV 07–309–TUC–FRZ, 2009 WL 2568635, at *7 (D.

---

[2] Plaintiff only claims specific jurisdiction. "Personal jurisdiction may be founded on either general jurisdiction or specific jurisdiction." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Where, as here, a plaintiff fails to allege general jurisdiction and thus cannot satisfy the "exacting standard" necessary to find it, general jurisdiction is lacking. *See Nanoexa Corp. v. Univ. of Chicago*, No. 10–CV–2631–LHK, 2010 WL 4236855, at *4 (N.D. Cal. 2010). In any event, the Complaint makes clear that Judge Nilsestuen, a judicial officer in Wisconsin, is "at home" in Wisconsin. (*See* Compl. ¶ 31.) *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

Ariz. Aug. 18, 2009) (dismissing complaint against judge); *Fischer*, 2003 WL 21262103, at *3 (dismissing complaint against judges where "plaintiff's conclusory and unfounded allegations of a conspiracy between defendants in California and out-of-state defendants cannot establish the minimum contacts necessary to show personal jurisdiction").

The Complaint is simply devoid of allegations that Judge Nilsestuen intentionally directed tortious activity to California. For instance, the Complaint does not allege that Judge Nilsestuen acted purposefully in entering orders against Plaintiff to avail himself of the privilege of doing business in California. Neither does it allege that Plaintiff's claims regarding the Circuit Court's orders against him arose from Judge Nilsestuen's conduct in California. Nor does it allege facts showing that the exercise of personal jurisdiction over Judge Nilsestuen would be reasonable. *See Fischer*, 2003 WL 21262103, at *3.

That is because it cannot do so. At bottom, the direction of tortious effects here is not, as Plaintiff would have it, from Wisconsin residents to California. It is the reverse: Judge Nilsestuen's judicial acts in the Wisconsin Harassment Suits were with respect to restraining orders and injunctions sought and entered to protect the Goodmans—that is, residents of Wisconsin (*see* Compl. ¶ 29)—from the harassing conduct of Plaintiff. And the underlying background giving rise to the Wisconsin Harassment Suits was Plaintiff's dispute with the Goodmans over the Wisconsin Property—a *rem* situated in Wisconsin. (Compl. ¶ 1.)

Accordingly, the Complaint fails to establish this Court's personal jurisdiction over Judge Nilsestuen. "Due process requires that [he] be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (quoting *Burger King*, 471 U.S. at 475). Because the Complaint's only basis for personal jurisdiction is Plaintiff's alleged and fortuitous presence in California, amendment would be futile. *See Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*, 445 F. Supp. 3d 337, 344 (N.D. Cal. 2020) ("Based on the thinness of the allegations, and because the deficiencies in personal jurisdiction cannot be cured by amendment, the Court dismisses the claims without leave to amend."); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017) (dismissing on personal jurisdiction grounds without

leave to amend where amendment would be futile). The Complaint must be dismissed under Rule 12(b)(2) without leave to amend.

## V.    CONCLUSION

For the foregoing reasons, Judge Nilsestuen respectfully requests that the Motion be granted.

DATED:  March 25, 2026                    SIDEMAN & BANCROFT LLP

By: _____
Andre Fontana
Attorneys for Defendant Hon. Ryan D. Nilsestuen