UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEE DRONE,

          Plaintiff,

    v.

PETER D. BEAR, et al.,

          Defendants.

Case No. 25-cv-09583-EKL

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 51

Before the Court is Plaintiff Lee Drone's motion to seal materials filed by Defendant Dane County Title Company (the "Title Company") accompanying its motion to dismiss. ECF No. 51; *see also* Janson Decl., Exs. A-B, ECF No. 15-1. For the following reasons, the motion to seal Exhibits A and B is GRANTED.

The Ninth Circuit recognizes a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" for doing so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of a case," the Court applies the lower "good cause" standard. *Id.* The good cause standard applies here because the Title Company introduced Exhibits A and B in support of the argument that this Court does not have personal jurisdiction over it and that venue is improper in this Court, rather than arguments concerning the underlying causes of action. *See Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1211 (S.D. Cal. 2023) (finding that the good cause standard applied because defendant's "[m]otion attacks [the] Court's jurisdiction over [plaintiff's] suit . . . [which] is not intertwined with, and does not bear at all upon, the . . . merits of [plaintiff's] . . . claim").

United States District Court
Northern District of California

Additionally, parties must comply with Civil Local Rule 79-5. Sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).

The Court finds that there are compelling reasons to seal Exhibits A and B to the Janson Declaration because they contain personally identifiable information like Drone's social security number, email address, phone number, home address, and income. *See* ECF No. 15-1. The Title Company made a perfunctory effort to redact Drone's social security information and birthdate, but the drawn-on redactions can be deleted by anyone who views the document and are therefore inadequate. *See id.*; *see also* Fed. R. Civ. P. 5.2. Meanwhile, courts routinely seal this sort of personally identifiable information because its "private nature outweigh[s] the public's interest in disclosure." *Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *4-5 (N.D. Cal. Aug. 9, 2012) (sealing home address, telephone number, and other personally identifiable information under good cause standard); *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1111 (N.D. Cal. 2025) (sealing personally identifiable information under the higher compelling reasons standard); *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD, 2022 WL 22936870, at *1 (N.D. Cal. Aug. 31, 2022) (sealing email addresses under the higher compelling reasons standard). Additionally, the public interest in disclosure is particularly weak here because the Court does not rely on the Janson Declaration or the attached exhibits in resolving the Title Company's motion, meaning that the materials are "unrelated to the public's understanding of the judicial proceedings in this case." *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-1878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sep. 17, 2020).

//

//

United States District Court
Northern District of California

For the foregoing reasons, the Court GRANTS Plaintiff's motion to seal Exhibits A and B, ECF No. 51.

**IT IS SO ORDERED.**

Dated: May 29, 2026

Eumi K. Lee
United States District Judge

3